**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GABRIELLE GRAE and IAIN GRAE,** | | |
| **Individually, and RMX EVENTS, LLC d/b/a** | § | |
| **SAN ANTONIO RACEWAY** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | **5:18-CV-664-DAE** |
| **ALAMO CITY MOTORPLEX LLC, SHIRAZI,** | § | |
| **LLC, MAHDI DEZHAM, ESMAEILE** | § | |
| **MIANAMI, DINA ODOM, RONNY ODOM,** | § | |
| **JOSH PARDEE, AND MATT PLOTKIN** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Plaintiffs Gabrielle Grae ("Mrs. Grae"), Iain Grae ("Mr. Grae"), and RMX Events d/b/a San Antonio Raceway ("RMX/SAR") (collectively referred to herein as "Plaintiffs"), file their Response to Defendants' Motion to Stay Discovery.

### I.    SUMMARY AND BACKGROUND

1.      Plaintiffs filed their Complaint alleging federal Lanham Act, and state law claims for unfair competition, tortious interference with contracts, defamation and disparagement, and conspiracy.[1] In addition to various Rule 12(b)(6) motions to dismiss, Defendants Alamo City Motorplex, LLC, Shirazi LLC, Esmaeile Minanami, Mahdi Dezham, and Dina Odom (collectively "Defendants") filed Motions to Dismiss pursuant to The Texas Citizens Participation Act (the

---

[1] Doc. 1.

"TCPA").[2] Plaintiffs filed their response to the earlier-filed TCPA motion on September 19, 2018[3], and Defendants filed a reply on September 26, 2018.[4]

2.      Following its ruling on Plaintiffs' renewed Motion for Expedited Discovery[5], the Court ordered Defendants to file a Motion to Stay Discovery, addressing the applicability of the TCPA's procedural discovery stay.[6]

3.      Defendants filed their Motion to Stay Discovery on September 27, 2018.[7] However, as Defendants' own Motion shows, the Court cannot answer the question of whether the TCPA's procedural stay of discovery applies without answering the underlying question:  does the TCPA apply in federal court? Therefore, Plaintiffs will focus on that question, with an eye towards the proposition that if the TCPA cannot apply in federal court, its stay likewise cannot apply.

4.      Alternatively, even if the core principle of the TCPA applies, because its procedural discovery stay conflicts with Federal Rule of Procedure 26, the stay provisions of the TCPA cannot, at least, be applied in the federal litigation context.

## II.      ARGUMENT & AUTHORITY

5.      Determination of whether the TCPA should control is a familiar procedure. The Court must first determine whether the Federal Rule "answers the question in dispute."[8] If it does, the Federal Rule applies, Texas law notwithstanding, unless the Rule exceeds Congress's

---

[2] Docs. 38, 57.
[3] Doc. 53.
[4] Doc. 61.
[5] Doc. 27.
[6] Doc. 55.
[7] Doc. 65.
[8] *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-399 (2010) (majority opinion) (citing *Hanna v. Plumer*, 380 U.S. 460, 463-464 (1965)).

rulemaking power.[9] Stated differently, if the Federal Rule (1) "answers the same question" as the state law or rule, and (2) does not violate the Rules Enabling Act, the Court cannot apply the TCPA.[10] If the initial inquiry is not outcome determinative, only then will court wade into the "murky waters" of Erie.[11]

6.      Determination of whether the Federal Rule answers the same question has sometimes been described as a determination of whether, "when fairly construed, the scope of [the Rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of [state] law."[12] Under this model, to determine whether the rule covers a particular issue, courts look to the plain meaning of the rule's language.[13] If the court determines that "such a 'direct collision' does occur, the court "must apply the Federal Rule as long as that Rule is a valid exercise of Congress's rulemaking authority."[14] "[T]he direct collision language . . . expresses the requirement that the federal statute be sufficiently broad to cover the point in dispute."[15]

A.  **Federal Rules 12 and 56 Answer the Same Question; Furthermore, the TCPA is in 'Direct Collision' with Federal Rules 8, 12, 26 and 56.**

7.      The TCPA establishes circumstances under which a court **must dismiss** a plaintiff's claim before trial. Notwithstanding, as explained by the D.C. Circuit in *Abbas*:

> Federal Rules of Civil Procedure, however, already 'answer the same question' about when a court may dismiss a plaintiff's case. And those Federal Rules answer the question differently: They do not require a plaintiff to show a likelihood of success on the merits.

---

[9] *Id.*

[10] *See Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015) (citing *Shady Grove*, 559 U.S. at 398-399 (citing *Hanna*, 380 U.S. at 460, 463-64)).

[11] *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011).

[12] *Id.* at 645 F.3d at 333 (citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)).

[13] *Id.*

[14] *Id.*

[15] *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 26-27 n.4 (1988).

*Response to Motion to Stay Discovery*            *Cause No. 5:18-cv-00664-DAE*

> That difference matters. Under the Federal Rules, a plaintiff is generally entitled to trial if he or she meets the Rules 12 and 56 standards to overcome a motion to dismiss or a motion for summary judgment.[16]

8.     "The TCPA has a host of procedural mechanisms in place to achieve its purpose quickly."[17] The TCPA requires Plaintiffs to provide "clear and specific evidence" for each element of a *prima facie* case.[18] This procedural requirement conflicts with Rules 8, 12, and 56 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a plaintiff make "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" to place the defendant on notice of the claim and "the grounds upon which it rests."[19] The TCPA looks beyond the facts stated in the pleadings and the notice to the defendant, requiring "clear and specific evidence" to make a prima facie case.[20] This is in direct conflict with the "short and plain statement" "sufficient to state a claim that is plausible on its face."[21]

9.     The TCPA further conflicts with Rule 12 of the Federal Rules of Civil Procedure, which addresses the sufficiency of a claim prior to discovery, and Rule 56, which sets out the requirements for a pre-trial motion for summary dismissal.[22] Rule 12(b)(6) states that a plaintiff may overcome a motion to dismiss by pleading facts sufficient to state a claim that is plausible on its face.[23] "A well-pleaded complaint 'may proceed even if it strikes a savvy judge that actual proof

---

[16] *Abbas*, 783 F.3d at 470-471.
[17] *Mathiew v. Subsea* 7 (US) LLC, 2018 U.S. Dist. LEXIS 50647, 2018 WL 1515264, at *6 (W.D. Tex. Mar. 9, 2018).
[18] TEX. CIV. PRAC. & REM. CODE § 27.005(c).
[19] FED. R. CIV. P. 8(a)(2).
[20] TEX. CIV. PRAC. & REM. CODE § 27.005(c).
[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[22] *See* FED. R. CIV. P. 12 and FED. R. CIV. P. 56.
[23] *Mathiew*, 2018 WL at *7 (citing *Bell v. Atlantic Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

of the facts alleged is improbable.'"[24] This is in clear conflict with the TCPA's "clear and specific evidence [of] a prima facie case for each essential element of his claim."[25] Rules 12 and 56 do not require a plaintiff to demonstrate each element of his claim by clear and specific evidence, the TCPA imposes an additional burden on plaintiff to survive dismissal.

10.     Unlike the TCPA, federal courts applying federal procedure must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[26] Also, unlike the state court procedure in the TCPA, when a party seeks a pre-trial judgment as a matter of law, the "evidence of the nonmovant is to be believed, and all justifiable inference are to be drawn in his favor."[27] Thus, a Rule 12 nonmovant's claims are not dismissed unless there are insufficient facts to state a facially plausible claim; and a Rule 56 nonmovant's claims are not dismissed unless the movant's evidence "is so one-sided that the [movant] must prevail as a matter of law."[28]

11.     The TCPA also conflicts with Rule 26. Under the TCPA, "all discovery in the legal action is suspended until the court has ruled on the motion to dismiss," unless discovery is otherwise specifically allowed by the court.[29] Rule 26 provides for a scheduling conference and entry of a scheduling order. While Discovery requests under Rule 26 may be sent prior to the Rule 26 conference, answers are not due until after the conference occurs. Furthermore, Rule 26 provides for initial disclosures to expedite the discovery process once the scheduling conference occurs. The TCPA's discovery stay thwarts the discovery framework established by Rule 26.

---

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting *Twombly*, 550 U.S. at 556).
[25] TEX. CIV. PRAC. & REM. CODE § 27.005.
[26] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).
[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).
[28] *Anderson*, 477 U.S. at 251-52.
[29] TEX. CIV. PRAC. & REM. CODE § 27.005(c).

12.     Plaintiffs note that the Court ordered the parties to conduct their Rule 26 conference to initiate the discovery phase of this litigation, consistent with the Federal Rules. Defendants now request the Court **to suspend the Federal Rules in favor of a state procedural mechanism to prevent further discovery.** This series of events alone is sufficient to demonstrate the "collision" between Texas state law and Congress's directive under Federal law.

13.     The TCPA also modifies the Rule 12 and 56 dismissal requirements to a shifting preponderance standard, requiring the defendant-movant to only show that it is more likely than not that a fact exists than that it does not.[30]

14.     These procedures afforded to movants under the TCPA, and which change the burdens of proof for both parties, have been criticized as presenting sufficient conflict to restrict the TCPA from federal court.[31]

15.     One federal district court in the Western District of Texas has refused outright to apply the TCPA in a federal case.[32] Other federal district courts have also concluded that anti-SLAPP laws such as the TCPA attempt to answer the same questions as Rules 12 and 56.[33]

---

[30] *Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254, n.13 (5th Cir. 1998) (describing "preponderance of the evidence" to mean "more likely than not").

[31] *Pylant*, 814 F.3d at 720 (dissent); *Abbas*, 783 F.3d at 1333–34 (finding that anti-SLAPP dismissal procedures "set[] up an additional hurdle a plaintiff must jump over to get to trial" and are inapplicable in federal court); *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1188 (9th Cir. 2013) (Watford, J., dissenting from denial of rehearing en banc) (Rules 12 and 56 "establish the exclusive criteria for testing the legal and factual sufficiency of a claim in federal court"); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274 (9th Cir. 2013) (Kozinski, J., concurring) (same).

[32] *Rudkin*, 2017 WL at *3 (relying on Judge Graves dissent, refusing to apply the TCPA to sex discrimination claims under Title VII).

[33] *3M Co. v. Boulter*, 842 F.Supp.2d 85, 101-104 (D.C. 2012) (discussing how mandatory dismissal with prejudice under anti-SLAPP statutes strip a federal court of its discretionary authority granted by Congress under Federal Rules 41(b) and 12(d)).

16.     A close reading of *Plumer* and *Shady Grove* require the conclusion that the TCPA is in "collision" with Federal Rules 8, 12, and 56; therefore, the procedural mechanisms of the TCPA must yield to the Federal Rules of Civil Procedure. Because they already "answer the same question" about when a court may dismiss a plaintiff's case, the TCPA meets the first requirement under *Shady Oaks*.

**B.  Federal Rules 8, 12, 26, and 56 do not Exceed Congress's Rulemaking Authority Under the Rules Enabling Act.**

17.     The final step in the *Shady Grove* and *Hanna* analysis requires the Court to determine whether the Federal Rule violates the Rules Enabling Act.[34]

18.     Contrary to Defendants' argument, the *Shady Grove* and *Hanna* tests do not assess conflict between the Rules and substantive rights under the TCPA.[35] "What matters is what the Rule itself *regulates*: If it governs only 'the manner and the means' by which litigants' rights are 'enforced,' it is valid; if it alters 'the rules of decision by which [the] court will adjudicate [those] rights,' it is not."[36] It is significant in that "[a]pplying the test, [the Supreme Court] [has] *rejected every statutory challenge* to a Federal Rule that has come before [it]."[37]

19.     The TCPA creates is a procedural mechanism for obtaining early dismissal of claims filed (allegedly) in retaliation for the exercise of certain rights.[38]

---

[34] 28 U.S.C. § 2072; *Shady Grove*, 559 U.S. at 406 (citing *Hanna*, 380 U.S. at 472).

[35] (Doc. 65 at ¶10). *Id*. at 407 (2010) (citing *Mississippi Pub'g Corp. v. Murphee*, 326 U.S. 438, 445 (1946)) ("the test is not whether the Rule affects a litigant's substantive rights; most procedural rules do.").

[36] *Id*. (emphasis in original) (citing and quoting *Mississippi Pub'g*, 326 U.S. at 445).

[37] *Id*. (emphasis added).

[38] *See Cuba v. Pylant*, 814 F.3d 701, 719 (5th Cir. 2017) (citing *Abbas*, 783 F.3d at 1333); *Rudkin*, 2017 WL, at *3 ("In brief, the TCPA contains procedural provisions setting forth deadlines to seek dismissal, deadlines to respond, and even deadlines for the court to rule . . . It is a procedural statute and thus not applicable in federal court . . ."); *Mathiew*, 2018 WL at *7 ("Accordingly the procedural mechanisms of the TCPA must yield to the Federal Rules of Civil Procedure.").

20.     The TCPA creates no substantive rights whatsoever.[39] Federal Rule 12 and 56 alter "'manner and the means' by which litigants' rights are 'enforced,'" and not "'the rules of decision by which [the] court will adjudicate [those] rights.'"[40] Because Rules 8, 12, 26 and 56 do not alter "'the rules of decision by which [the] court will adjudicate [those] rights,'" the Rules are valid exercises of Congress's rulemaking authority under the Rules Enabling Act.

## C.  **The Fifth Circuit Has Stated the Issue Applicability of the TCPA in Federal Court is Undecided; the Only Cases Confronting the Issue Head-On Favor Plaintiffs.**

21.     Every decision relied upon by Defendants <u>assumes</u>, without deciding, that the TCPA applies in federal diversity actions. Defendants' reliance on the Fifth Circuit's analysis of Louisiana's anti-SLAPP statute in federal court in *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 168-169 (5th Cir. 2009), is unavailing. The Fifth Circuit has since distanced itself from that decision, stating "the applicability of state anti-SLAPP statutes is an important and unresolved issue in this circuit."[41] To wit, the Fifth Circuit, dealing with the very same statute in August 2017, concluded that the issue is unresolved in the circuit.[42] It is an even further stretch considering that the Fifth Circuit has, on several occasions, declined to determine the applicability of the TCPA in federal court.[43]

22.     The only decisions addressing federal-applicability of the TCPA on the merits are Judge Graves, Jr.'s dissent in *Plyant,* and Judge Yeakel's decision in *Rudkin*, both of which hold

---

[39] TEX. CIV. PRAC. & REM. CODE §§ 27.002, 27.011(a).

[40] *See Shady Grove*, 559 U.S. at 407.

[41] *Block v. Tanenhaus*, 867 F.3d 585, 589, n.2 (5th Cir. 2017) ("[P]articularly in light of our subsequent decisions, *Henry* could be interpreted as assuming the applicability of Article 971 for purposes of that case without deciding its applicability in federal courts more generally.").

[42] *See id.*

[43] *Pylant*, 814 F.3d at 706 ("[W]e first review the TCP framework, which we assume—without deciding—controls as state substantive law in these diversity suits."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("We have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability.").

that it does not apply. [44] For these reasons, this Court should closely analyze the applicability of the TCPA in federal court. If the TCPA does not apply in federal court, neither can its procedural discovery stay provisions. If the core provisions of the TCPA apply, the Court must further determine whether its procedural provisions follow the core TCPA into Court. Finally, if the Court determines that the TCPA, including its procedural components, are applicable in federal court, then there is good cause to permit limited discovery.

**D. <u>Plaintiff's Alternative Request for Limited and Specific Discovery Pursuant to Tex. Civ. Prac & Rem. Code § 27.006(b).</u>**

23.    If the Court determines that the TCPA applies in Federal Court and stays all discovery pursuant to the TCPA's procedural terms, it should nevertheless allow Plaintiff to conduct limited and specific discovery as to the issue of control cited by Dina Odom and Alamo City Motorplex, LLC.

24.    The TCPA provides a mechanism to secure "additional discovery to meet [the] burden" of addressing each element of each claim challenged under the TCPA.[45] "On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion."[46] Good cause exists when the Plaintiff seeks evidence in control of the defendants or their agents and articulates the need and purpose for the discovery.[47] In *Charalambopoulos*, the Court ordered that the defendant could request discovery **in any form**, "provided that, unless the parties otherwise agree and the witness concurs, a

---

[44] *Pylant*, 814 F.3d at 713-20; *Rudkin v. Roger Beasley Imps., Inc.*, 2017 U.S. Dist. LEXIS 212419 (W.D. Tex. Dec. 28, 2017).

[45] *Grant v. Pivot Techs. Sols., Ltd.*, 2018 WL 36677634, at *12 (Tex. App.—Austin Aug. 3, 2018, no pet. h.).

[46] TEX. CIV. PRAC. & REM. CODE § 27.006(b).

[47] *See Charalambopoulos v. Gammer*, No. 3:14-cv-2424-D, 2015 WL 390664, at *18-19 (N.D. Tex. Jan 29, 2015) (also ordering completion of written requests and depositions within 60 days).

deposition may only be taken where the witness resides, is employed, or regularly conducts business in person."[48]

25.     Plaintiff has good cause to seek limited and specific discovery. At the non-evidentiary preliminary injunction hearing, ACM stated that it never employed any of the named defendants and does not control the website or social media accounts associated with ACM's operations. In ACM and Mr. Mianabi's TCPA motion to dismiss, ACM attaches the affidavit of Dina Odom, who avers under penalty of perjury that she does not and has never worked for ACM. Mr. Mianabi further attaches evidence, incompetent as it may be, in an attempt demonstrate his lack of control over the social media pages and website. At the hearing on Plaintiffs' motion for expedited discovery, Defendants again asserted that there is no connection between Mr. Mianabi, ACM, Ms. Odom, the ACM website, or the ACM Facebook Page. **Thus, Defendants have raised a fact issue as to control and authority, which the TCPA mandates Plaintiff surmount by a preponderance of the evidence.**

26.     Defendants' relationship to and authority and control over the defamatory posts, event listings, content posted to www.alamocitymoto.com, or the workers at the track wearing the infringing trademark on their shirts are core elements of Plaintiffs' claims for defamation, tortious interference, conspiracy, and unfair competition.

27.     Without discovery, Plaintiffs are unable to verify the absurd claims that ACM does not control its Facebook Page, Website, or the persons operating its track, and therefore cannot meet their burden under the TCPA. Plaintiffs seek to depose Dina Odom, Esmaeile Mianabi, and the corporate representative of the company which created the website located at

---

[48] *Id*. at *18.

www.alamocitymoto.com, DigiBoost for less than two hours each, and also request documents from these individuals about the issues of control over the social media and websites.

### III.    CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests the Court DENY Defendants' Motion to Stay Discovery under the TCPA. Alternatively, Plaintiffs respectfully request the Court to grant limited and specific discovery directed towards resolution of the issues at play in Defendants' anti-SLAPP motion.

Date:   October 4, 2018

Respectfully Submitted,

**THE VETHAN LAW FIRM, P.C.**

By: /s/ *Joseph L. Lanza*

Joseph L. Lanza
Texas State Bar No: 00784447
11459 Huebner Road, Suite 101
San Antonio, Texas 78230
Tel: (210) 824-2220
Fax: (210) 826-2223
***Attorney for Plaintiffs***
***Gabrielle Grae, Iain Grae, and RMX***
***Events, LLC d/b/a San Antonio Raceway***

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2018, the foregoing was served in accordance with

the Federal Rules of Civil Procedure on all parties and counsel of record via CM/ECF.

| | |
|---|---|
| Cabrach Connor | *Via email to* |
| Kevin S. Kudlac | *cconnor@connorkudlaclee.com* |
| Jennifer Lee | |
| CONNOR KUDLAC LEE PLLC | *Via email to* |
| 609 Castle Ridge Rd., Suite 450 | *kevin@connorkudlaclee.com* |
| Austin, Texas 78746 | |
| **Attorneys for Defendants** | *Via email to* |
| **Alamo City Raceway, LLC** | *jennifer@connorkudlaclee.com* |
| **and Esmaeile Mianami** | |
| | |
| Amanda N. Crouch | *Via email to* |
| JACKSON WALKER, LLP | *acrouch@jw.com* |
| 112 E. Pecan Street, Suite 2400 | |
| San Antonio, Texas 78205 | |
| **Attorney for Defendants Shirazi,** | |
| **LLC and Mahdi Dezham** | |
| | |
| J. R. Skrabanke | *Via Email to* |
| THE SNELL LAW FIRM, PLLC | *jskrabanek@snellfirm.com* |
| 1615 W. 6th Street, Suite A | |
| Austin, Texas 78703 | |
| **Attorney for Defendant** | |
| **Dina Odom** | |

Matt Plotkin
1802 Ennis Joslin Rd, Apt. 4112
Corpus Christi, Texas 78412

Josh Pardee
300 E. 3rd Street, #709
Little Rock, Arkansas 72201

By: /s/ *Joseph L. Lanza*

Joseph L. Lanza